and Tregana. Mr. Rattray, am I saying your name right? Yes, sir. Rattray? Yes. All right. So, Mr. Rattray, you have five minutes to argue. The other side is not here. They're going to rely on their briefs, so there's no rebuttal or anything like that. So the floor is yours for five minutes. Yes, Your Honor. Would it be possible to retain one minute at the end just to summarize my thoughts? Well, no. You have five minutes to do everything. Generally, the minute for rebuttal is to rebut what the other side said, but they're not here to say anything. So you have uninterrupted time. Understood, Your Honor. If it pleases the Court, I'm Wentworth Rattray, pro se plaintiff in this, the Novo Appeal of 17CV8560, Section 1985, unlawful search claim. The suit stems from a undisputed 2016 unwarranted search and seizure in which no ongoing criminal behavior or second search was alleged in the pretrial record. Parents have a liberty interest in protecting their children from unwarranted intrusions. Being pro se is not an excuse for any shortcomings in plaintiff's brief, but Rule 26 violations are. The jury case turned on Officer Cadavid's credibility. The right of people to be free, to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated. Right. But there's an exception if there's an exigency, right? So if there's a child who's at risk or in danger of physical harm, then you don't have to wait around for a warrant. And so the issue at trial was pretty much exclusively whether or not the officers had an exigency, whether there was a reason for them to believe that there was a child in harm's way. Do you agree with that? I agree with that. That was the issue at trial. I'll take the direction, Your Honor. The claim for exigency materialized well after the fact. In the contemporaneous record, the officers sought to... You had an opportunity to present your evidence to the jury. You testified at trial. The officers testified and told a very different story. The jury apparently believed the officers and did not believe your story. Now, on appeal, because the other side won, we're supposed to take the evidence in the light most favorable to the winning party. So how do you get around that issue? So, Your Honor, Mr. Rattray had 14th Amendment claims of due process claims that were dismissed early in the proceedings. And those were dismissed and likely would not have had Mr. Rattray been aware of the second search that only came up at trial. So there was no action that I could take prior to trial to discover that this larger search of my child at a second location actually occurred. The government never provided that information as required. They didn't provide the individuals who conducted the search. I had no opportunity to examine how long they kept my child, what they did in searching my child, whether she was arrested or handcuffed. None of that was available to me. It only became apparent at trial that, according to Officer Cadavid's testimony, these officers were sent to her location to interrogate, is what I would assume, interrogate her while she's on a play date with friends. That is an incredible amount of embarrassment and is something that my job is to protect her from. And I had no idea that that was even happening. But I mean, I think that's in some ways a slightly different claim than the one you were bringing at trial. But in any event, Rule 60b-2, which is the motion you made to vacate the judgment, turns on newly discovered evidence that could not have been discovered in time to move for a new trial. And so if you learned about this at trial, then you could have moved during trial for a new trial, right? Correct, Your Honor. I passed this to the counsel. I informed them. They said I needed to show them something for them to say that at trial. I had no way of doing that. I did write up these facts and introduced them that very next day. But because I was in court, I didn't have access to the electronic system, so I had to hand deliver it to the court. So it was filed immediately after the judgment. Well, I mean, you have a certain period of time after the trial to move and a certain period of time after the judgment. But you didn't do that until more than 28 days after the judgment, right? I'm not certain, Your Honor. The document I wrote up that I had no idea about this search, it was that day, the day the judge ruled. It was a separate probably two pages that I personally filed because the attorneys wouldn't. No, but you were represented by counsel during the trial, right? I was represented by counsel. So you don't get to have a lawyer and be supplementing with your own things, I don't think. But, I mean, you're saying you made a motion during the trial or immediately after the trial? Maybe a factual statement, things that I know for sure did not happen, or at least my recollection did not happen. And they were put in. The attorneys did the motion for a new trial. By the way, I thought you did an excellent job, both on your brief and today. Thank you, Your Honor. I see I'm out of time. Do you have any other questions? No, but we'll reserve decision, as we did in the other case.